```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

| | |
|---|---|
| **FELISA G. MYERS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * Civil Action No.04-00822-CB-B |
| | * |
| **JO ANNE B. BARNHART,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to File Appeal Out of Time (Doc. 2)[1] and Defendant's Motion to Dismiss (Doc. 12).[2] The motions have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. The undersigned has determined that oral argument is unnecessary to resolve the motions. See Local Rule 7.3. Upon careful consideration of the evidence and the parties' arguments raised in their memoranda, the undersigned **RECOMMENDS** that Plaintiff's motion for leave be **DENIED** and Defendant's motion to dismiss be **GRANTED.**

The relevant statute of limitations requires that a lawsuit challenging the denial of benefits be filed "within sixty days after the mailing to [the claimant] of notice of such decision or

---

[1]Including Docs. 2-1 and 2-2.

[2]Including Docs. 12-1, 12-2, 15-1 and 15-2.

within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). Section 405(g) provides that an individual seeking judicial review of the Secretary's final administrative decision is required to file such action with the court within sixty (60) days after the mailing of notice of such decision to him, and further establishes a rebuttable presumption that receipt occurs "5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.

In the case sub judice, Administrative Law Judge B. William Lawson (hereinafter "ALJ"), on November 6, 2003, issued an unfavorable decision denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits. (Doc. 15-2 at 1-23). Plaintiff subsequently requested a review of the ALJ decision by the Appeals Council. (Id. at 24-27). In a Notice dated September 15, 2004, the Appeals Council denied Plaintiff's request and provided her with detailed information about appealing the decision by commencing a civil action in court. Permitting five days for mailing, receipt is presumed to have occurred on September 20, 2004; thus, the sixty (60) day deadline for Plaintiff to commence her civil action was November 19, 2004.

It is uncontroverted that Plaintiff's complaint was not "filed" with the Court until December 27, 2004, some thirty-eight

(38) days beyond the statutory limit.  Plaintiff herein has not asserted that she did not timely receive the notice from the Appeals Council, or that the Notice somehow mislead her about her appeal rights.  Plaintiff instead asserts that because she mailed her Complaint to the Court on November 8, 2004, which was before the statutory deadline, her Complaint should be deemed timely regardless of when the Complaint was actually received by the Clerk's Office.

A civil action is instituted only by "filing a complaint with the Court."  Fed. R. Civ. P. 3.  Specifically, Rule 3 of the <u>Federal Rules of Civil Procedure</u> provides that a civil action is "commenced" by "filing a complaint with the court[]" and this rule governs commencement of all actions – including those brought against the United States or an officer or agency thereof, such as Section 205(g) of the Act.[3]  <u>See</u> Fed. R. Civ. P.

---

[3]<u>Rodgers v. Bowen</u>, 790 F.2d 1550, 1551 (11th Cir. 1986).  As the Eleventh Circuit noted in <u>Rodgers</u>, 790 F.2d at 1551 (citations omitted): "[w]e find no expressed intent by Congress to give the word 'commenced' any meaning other than that which is given in Fed.R.Civ.P. 3. We therefore hold that an action is commenced within the meaning of §405(g) when a complaint is filed with the court . . . ."   <u>See</u> <u>also</u> <u>McIntosh v. Antonino</u>, 71 F.3d 29 (1st Cir. 1995) (holding that a civil rights action was not "commenced," for limitations purposes, by mailing copy of complaint to district court or by facsimile transmission of incomplete copy of complaint but rather, action was "commenced" and thus "filed," only when clerk of court actually received the mailed copy); <u>Newman v. Bowen</u>, 1986 WL 15585 (S.D. Fla. Dec. 24, 1986) (citations omitted) (noting that Rule 5(e) provides that the filing of pleadings and other papers with the court shall be made by filing them with the clerk of court, and so "[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court. . . ."); and <u>Wiss v. Weinberger</u>, 415 F. Supp. 293, 294 (E.D. Pa. 1976).

3 and Adv. Comm. Notes 1 and 2.  Thus, "filing . . . is not complete until the document is delivered and received." <u>United States v. Lombardo</u>, 241 U.S. 73, 76 (1916).  <u>See</u> <u>also</u> <u>e.g.</u>, <u>Cabirac v. C.I.R</u>, 2003 WL 21790356 (E.D. Pa. June 23, 2003); <u>United States v. Doyle</u>, 854 F.2d 771, 773 (5th Cir. 1988); <u>Torras Herreria y Construcciones, S.A. v. M/V Timur Star</u>, 803 F.2d 215, 216 (6th Cir. 1986); <u>Johansson v. Towson</u>, 177 F. Supp. 729, 732-734 (M.D. Ga. 1959).  Accordingly, even assuming that Plaintiff did indeed place her Complaint in the United States mail on November 8, 2004, addressed to the Clerk of the Court of the Southern District of Alabama, in Mobile, Alabama, as she claims, such mailing did not constitute a timely filing for purposes of 42 U.S.C. § 405(g) because the filing requirement is not satisfied by the mailing of the necessary papers to the Clerk's office within the allotted time.  <u>See</u>, <u>e.g.</u>, <u>Lee v. Dallas County Bd. of Educ.</u>, 578 F.2d 1177, 1178 n. 1 (5th Cir. 1978) (mailing does not constitute filing; in order for a document to be considered timely filed, it must have been received by the Clerk of the Court by the deadline).[4]

---

[4]The <u>Lee</u> decision was followed by the court in <u>Manganiello v. Sec. of H.H.S.</u>, 1983 WL 44218, *1-2 (S.D.N.Y. 1983). In <u>Manganiello</u>, the plaintiff sought review of the Secretary's denial of disability benefits and mailed his complaint on December 31, 1981 to the Court; however, the complaint was not stamped "filed" until January 13, 1983, after the sixty (60) day limitations period had expired. The court, citing <u>Lee</u>, held that the complaint had not been timely filed because "mailing" does not constitute "filing" and as such, dismissed the complaint.

4

Although Plaintiff's filing was clearly untimely, the Supreme Court has recognized that:

> . . . . in construing the statute [Section 205(g)] we must be careful not to "assume the authority to narrow the waiver that Congress intended," . . . , or construe the waiver "unduly restrictively." . . . . [w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."

Bowen v. City of New York, 476 U.S. 467, 479-480 (1986) (citations omitted). See also Roberts v. Shalala, 848 F. Supp. 1008, 1017 (M.D. Ga. 1994). The Supreme Court concluded that the sixty (60) day requirement is a period of limitations subject to equitable tolling principles because Section 205(g) is part of a statute "that Congress designed to be 'unusually protective' of claimants[]" and because "Congress has authorized the Secretary to toll the 60-day limit, [] thus expressing its clear intention to allow tolling in some cases." Bowen, 476 U.S. at 480 (citations omitted). While the Secretary will usually make the determination as to whether or not it is proper to extend the period within which review must be sought, the sixty (60) day rule may be tolled "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Id. (citations omitted). The Bowen Court concluded that application of a traditional equitable

5

tolling principle to the sixty (60) day requirement is "'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" Id. (citations omitted).

In the case sub judice, equitable tolling of the sixty (60) day limitations period is not appropriate. Federal courts toll statutes of limitations only upon a finding of an inequitable event that prevented timely action, and the burden of showing that tolling is warranted rests solely upon Plaintiff's shoulders.[5] See, e.g., Justice v. United States, 6 F.3d 1474, 1478-1480 (11th Cir. 1993). Equitable tolling has been utilized in limited extraordinary circumstances such as where: 1) a defendant misleads or tricks a plaintiff into allowing the statutory period to lapse; 2) a plaintiff has no reasonable way to discovery the wrong perpetrated against him/her; or 3) a plaintiff timely files a technically defective pleading but in all other respects acts with proper diligence which the statutes were intended to insure. See, e.g., Turner v. Singletary, 46 F. Supp. 2d 1238, 1243 (N.D. Fla. 1999); Sandvik v. United States,

---

[5] Accord Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). A plaintiff bears this burden because equitable tolling is an exception to the rule of the statute of limitations, not the rule itself. See also Pacific Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1251-1252 (11th Cir. 2001); Irwin, 498 U.S. at 96. Placing this burden on the plaintiff serves important social functions: "[s]tatutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore, should not be given grudging application. They protect important social interests in certainty, accuracy, and repose." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-453 (7th Cir. 1990).

177 F.3d 1269, 1271 (11th Cir. 1999); <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990); <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 150-151 (1984).  Equitable tolling may also be appropriate where a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her.  <u>Baldwin</u>, 466 U.S. at 151.  Plaintiff herein has not argued for equitable tolling, and this Court's review of the facts in this case fails to demonstrate any basis for such tolling.  Plaintiff was told what she must do to preserve her claim and file her appeal; however, she did not do it and "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  <u>See</u> <u>Baldwin</u>, 466 U.S. at 151.  Moreover, despite two Orders from this Court directing Plaintiff to respond to Defendant's motion to dismiss, she failed to do so.  Such inaction further supports the Court's conclusion that Plaintiff has failed to demonstrate any level of diligence in pursuing and/or prosecuting her appeal.

For the reasons set forth herein and upon careful consideration of the record and parties' arguments, it is the **RECOMMENDATION** of the undersigned that: 1) Plaintiff's motion for

leave to file an out-of-time appeal be **DENIED** and 2) Defendant's motion to dismiss be **GRANTED.**

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **8th** day of **November, 2005.**

                                                **/s/ SONJA F. BIVINS**
                                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                      **/s / SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**